Good morning, Your Honors. I'm Kay Evans, and I'm representing Luis Toro-Romero v. Ashcroft. There is one central question, whether this Court has jurisdiction to hear this matter. And within that central question, there are two other issues. The first is whether the Petitioner was ordered removed on the basis of an offense covered under 1252a2c, and whether the Board erred and violated his due process rights by failing to advise him in his pro se appeal that he had the right to apply for relief under 212c of the Act. Can I just see if I, as Judge Kleinfeld was doing before, if I can understand the statutory scheme here as it applies to your case? The IJ and the BIA – the BIA, as I understand it, never decided the question of whether he had a disqualifying crime. No, they didn't.  It just suspended on a particular false claim. So it seems to me that we're sitting at this point on the theory that that demonstration has not been made. Correct. Okay. If he didn't have a disqualifying – he was a legal permanent resident, is that right? He was a lawful permanent resident, yes. If he didn't have a disqualifying claim, then his admissibility or inadmissibility is not an issue because he is not considered an applicant for admission. Correct. All right. If that's true, then is the statement with regard to his citizenship matter? In other words, does the citizenship – false use of citizenship apply to a licensed – to a legal permanent resident who is not an applicant for admission? It would not, Your Honor. It does not. So therefore, without – this is where I got myself after thinking about it. So it seems that without the BIA's determination as to whether or not he has a disqualifying crime, the rest of the – everything else doesn't follow. Correct. So why shouldn't this case just go back for that determination period? What is your question, Your Honor? My question is why don't we just remand to the BIA and say you have to tell us whether or not this is a qualifying crime, because if it isn't, then the person is not an applicant for admission and the citizenship question doesn't matter. Yes, Your Honor. And they would then, of course, I'm sure, take the opportunity of a – Well, they may, but in other words, the thing can't stand the way it is, but on the other hand, we'd have to remand him and give him the chance to do it, no? I think so, Your Honor. And he would be, I believe, eligible under 212C, and that does not require perfect moral character by any means. And so the issue of his having lied about his citizenship, especially since he had the right to come in because he was a lawful resident who lost his green card physically, then he would – that would automatically be waived under 212C, which is not the case. But it's not for us to decide now. I mean, it seems to me that the – for me, at least, the line of logic that I just outlined is as far as we go at this point, because nothing else – there's nothing else we can decide now. I guess, Your Honor, yes. And that would – what about the jurisdictional issue that automatically assumes that you have jurisdiction, I suppose? Well, we – didn't we ask you to talk about the Alvarez-Santos case? Did we send an order out? I don't remember. Yes, you did. Okay. So would you redress that? Okay. Well, in that case, if the – if the Board of Appeal or immigration judge does not afford the petitioner an opportunity to defend or appeal against one charge in the or any charge in the notice to appear or show cause, then this Court would have jurisdiction because there would be a denial-of-due process because the opportunity was not given to the petitioner to defend properly. Well, here, as it turned out, the person was – Romero – Toro Romero was not deported because of his crime. By the immigration judge, the order was – Yes, but by the BIA – the BIA did not affirm that. Yes, they did not. So what we've got maybe – I mean, maybe this isn't right, but at least arguably what we've got is an order that can't depend on that because that determination hasn't been made.  So the question is whether that could – nonetheless, it's – Now, but the problem, though, is does immigration – under this case, Alvarez-Santos, do we give them the opportunity, do we give the government the opportunity to correct this and give them a second bite at the apple? The question relates to the jurisdictional issue. Do we take into account for jurisdictional purposes a crime that the BIA has never ruled on? That's really the question. There are a few cases I've seen where that could be considered, but it could not form the basis of – in this particular instance where it's a vehicular burglary, which this Court has already determined not to be either violence or moral turpitude or aggravated felony, that would not form the basis of a – I thought it was moral turpitude but not aggravated felony. This – there's one case, Ye versus Zionist, Your Honor, that addresses that issue. I believe it was under the transitional rules, but the arguments are analogous because the offense does not – did not involve any signs or willful intent. That one says it's not more – it's not aggravated felony, right?  And it also says it's not a crime. Isn't there another case that says it is moral turpitude? There are some cases that says – that say burglary is moral turpitude. But under the section of law 459 of the California Penal Code, by definition, and also it's treated like a misdemeanor, it doesn't involve the kind of danger that a regular residential or commercial burglary would have. Oh, you're saying vehicular burglary should be distinguished from the case that says  Well, it depends on the circumstance. No, not everyone, but it depends on the circumstance. We use a modified categorical approach. We can't really look at the individual circumstances.  But there – but burglaries in different situations are more severe than that. Now, I understood you to say a moment ago that you believe that there are cases in which, for jurisdictional purposes, this Court has taken into account criminal barriers that were not, in fact, ever determined to exist by the BIA. So what cases are you talking about? I don't have a case specifically on that, Your Honor. I'm sorry. I guess I misunderstood. However, the BIA should have addressed all the issues that were brought up below and should have addressed the issue of the burglary. Well, I gather, and I will ask government counsel this, but one reason they may not have is you're also raising a St. Cyr argument with regard to that criminal conviction. Right? Am I right about that? I didn't hear what you said. Aren't you raising a St. Cyr argument with regard to that criminal conviction? Yes, a St. Cyr, yes, because he – Because he pled guilty before the statute. He would have been eligible, even if they had raised it, he would have been eligible for two-trials C. If it were – even if it were an aggravated felony, he would have been eligible. But those issues have always been raised on habeas, not on direct review. Would it apply on direct review? Pardon me? How would we take that into account on direct review as opposed to on habeas? I don't know the answer to that question, Your Honor. That would be all. Thank you, counsel. Counsel, maybe you could help me with a question I have. I want to make sure I understand this right. This guy had a perfect right to come into the U.S. because he had a green card. But instead he came in by presenting a fake I.D., somebody else's birth certificate, to make it look like he was a U.S. citizen. Is that correct? I believe so, yes. Kind of like somebody who's past the age of 21, but they're still using a fake I.D. at the liquor store. Well, it's not correct, because, as I understand it, and you can correct me, because if this criminal conviction was one that would have applied to him as a legal permanent resident and kept – made him inadmissible, right? In other words, if he had gone there with his green card and they had looked him up and found out that he had a criminal conviction of the requisite kind, he would have been inadmissible, no? But for the fact that he was a legal permanent resident, he's not inadmissible. But no, I'm not saying that. I think we're both focused on the same thing here. I thought once he had the green card, he can come in, despite his prior crime, until the INS takes some action to take away his green card. Which was his attempted illegal entry. And I think Judge Berzon is asking you, can he be barred from coming into the U.S. because of his prior crime, even though he has a green card? It's different ways of approaching the same issue. I believe so, but I'm not 100 percent sure. I thought once he had a green card, it was for purposes of coming into the U.S. just like being a U.S. citizen. But, see, once you have a green card, that you can commit subsequent crimes. Then they can take away your green card. Which would render you inadmissible, yes. Once they take away your green card. Yes. But I don't think you're applying for admission when you have a green card, are you? You're already admitted. I think even if you show up at the border and you say, and they say, what are you doing? Well, I'm coming from Mexico to the United States. That doesn't mean you're applying for admission. This is my understanding. I'm basing this on eight new ones. It has to do with, and then I want you to backtrack to the question that I asked your opponent about why, therefore, the fact that the BIA didn't make a determination about the viability of the criminal, of the crime as a barrier doesn't mean that we can't go forward with this case, but U.S.C. 1182c says, aliens lawfully admitted for a permanent or maybe this isn't a valid, I don't know if this is a current provision. Maybe it's not, and that may be the answer. I'm not sure about this. All right. Let's back off on that for now. The BIA did not decide whether or not his crime was a qualifying crime that would bar him. Is that right? They didn't reverse the I.J.'s decision on that regard. I see where you're going. They didn't say yes, but they affirmed the I.J.'s decision. The I.J. sustained each and every charge against him. No, but they specifically said we don't reach it. They didn't just not sustain it. They specifically said we don't reach it. They said at the end, as the Respondent's falsely claiming United States citizenship cannot be waived as a ground of inadmissibility and provides an independent ground for his removability, we need not decide any other issue raised on appeal. That's not saying that he wasn't convicted of that crime. But it's saying that they're not relying on that as the reason for his deportation. Well, there's a big difference between saying he's not convicted of that crime and he was not convicted. No, I understand that, and it may lead to a remand. It doesn't lead to throwing it out. But without that determination, without the determination of whether or not the crime is one that, A, of the kind that it's alleged to be, A, it seems to me we have jurisdiction because there has been no determination that this crime actually is, no final determination by the agency, so we should have jurisdiction over the case as a whole. And, B, the person is not inadmissible, and therefore, the provision about false citizenship I'm not sure even applies. Does it apply to a licensed permanent, to a legal permanent resident who is not subject to admissibility requirements at that point? Does the false citizenship requirement even apply to this person? I think it does. Okay. I know you think it does, but why? Because I think the provision for allowing false citizenship doesn't make an exception for someone who's actually a citizen. I think what Congress was guarding was a guarding mechanism. Well, he's not a citizen. We know he's not a citizen, but he's a legal permanent resident. Right. And Congress says we don't want you to violate the laws by claiming to be a citizen. So you do that, and that will – and I think that automatically, I believe, and I'm not sure you are, but I think that by committing that crime and being convicted of it, it automatically revokes his LPR status, therefore renders him inadmissible. I'd like to write another case. But the green card is automatically lost if you have a conviction? I think the case law says, yes, that by committing a crime, your LPR status is automatically lost. You may be right about that, but that's a determination that hasn't been made in any final way in this proceeding. Isn't that the problem? How can we go forward without knowing the answer to that question from the agency? I don't have a good answer, but I do – I would like to say one thing, Your Honor. Okay. Go ahead. I don't think the Court has jurisdiction in this case. Why not? We don't have the answer to that question. Why don't we have jurisdiction? Because he's removable by having virtue of – by virtue of having committed a crime involving moral services. All right. So why doesn't Alvarez-Santos suggest that when there hasn't been a determination regarding that by the agency, we still have jurisdiction? There has. The IJ said on page 26 of the record. Yes, but the BIA did not affirm it. Are you suggesting that – and specifically – specifically did not affirm it? We only review the BIA decision. And the – look at the charge at the top of the BIA decision. It talks about a crime involving moral turpitude. It also talks about a false claim of United States citizenship. Nowhere in the decision does the BIA reverse the IJ. But it – The IJ – he sustains the IJ's finding. Now, if the BIA wanted to say – Where does it say – it said we didn't sustain the IJ's finding. It says, as the Respondent's falsely claiming United States citizen cannot be waived and is an independent ground for movability, we need not decide any other issue raised on appeal. How is that? They didn't say anything about the – they didn't say anything about the crime involving moral turpitude. Isn't that one of the issues? That is one of the issues. I would – so therefore, they didn't decide it. They didn't reverse it either. The IJ – this is the way I look at the case, Your Honor. The IJ said we sustain all – we sustain all charges against you, one of which is a crime involving moral turpitude. The BIA gets the case and said we're not deciding whether you're falsely claiming U.S. citizenship. And we are deciding whether you're falsely claiming. Oh, they do. They say we're not deciding whether you committed a crime of moral turpitude. I didn't – does the BIA say we're not – we didn't decide whether you're removable based on a crime involving moral turpitude? I know. That's what it means. We need not decide any other issue raised on appeal. That means they're not deciding whether you committed a crime of moral turpitude. They think, doesn't it? That's not the way I would read it, Your Honor. How else could you read it? Well – I mean, just read it. We are not deciding any other issue. It's a very large sentence. The way I would read that, Your Honor, is that they're not reversing the IJ, so therefore his charge of removal on that is – No, no, please. No, it's very discouraging to have somebody stonewall when the error is plain on his face. You're in a poor position. So my question to you is, if you can, maybe you just haven't thought about this, and maybe you want to go back and think about it, but if we were right about that, if there was no final determination with regard to the crime of moral turpitude, can the false statement regarding citizenship independently sustain the deportation? That's what I want to know. As a matter of statute, or is it dependent on his legal permanent residence status having been automatically revoked because of the crime? I read it the second way, but I'm certainly not sure. And that's really, to me, the question. Your question is, can his falsely claiming citizenship sustain the removal charge? Without the crime of moral turpitude revoking the legal permanent residence status. If he remains a legal – I think – yes, I think it can. Well, that's what I need to note as I walk through the statute. And when I walked through the statute, I didn't see it, but I could be wrong. I think as to his other – the other contentions that he's raising with regard to 212c, he never applied for that. So there's – there's certainly no merit in that contention either. Subject to your questions, that concludes my time. Roberts. Thank you, counsel. Petitioners, counsel, reserve time if you feel the need to rebut. Thank you, counsel. Flora Romero is submitted. The Court is adjourned. All rise. This court is at recessional time. Oh, he's just – yeah, he asked me. Okay, thank you. Where did you go to law school? Columbia. Okay. I'm still in the process of looking for a dean. I was talking with – who's your name again? Audrey. Audrey? Mm-hmm. I don't know about it. I'm just kind of like, it's only been – it's really just the next time that I want to do a lawyer's thing, I don't want to do that. So I'm – Okay. Thank you. Thank you.
judges: Noonan, Kleinfeld, Berzon